CONKLIN ET AL. *v.* THE TOWN OF CAMBRIDGE CITY ET AL.

CITIES AND TOWNS.—*Town.*—*Taxing Farm Land for Municipal Purposes.*— By the act of June 18th, 1852, 1 G. & H., p. 610, relative "to the taxation of lands in towns and cities," a tract of land exceeding twenty acres, of which less than that area is used exclusively for farming purposes, lying within the limits of a town or city containing less than five thousand inhabitants, is subject to taxation for municipal purposes.

From the Wayne Circuit Court.

*G. Holland* and *C. C. Binkley,* for appellants.

*H. C. Fox,* for appellees.

HOWK, J.—In this action, the appellants were plaintiffs, and the appellees were defendants, in the court below.

The action was brought under the provisions of an act of the General Assembly of this State, entitled "An act

in relation to the taxation of lands in towns and cities," approved June 18th, 1852. 1 G. & H., p. 610. This act contains but a single section, and, omitting its enacting clause, it reads as follows:

" That any lands embraced within the corporate limits of any town or city, which are used exclusively for farming purposes, shall not be liable to any tax or assessment for town or city purposes: *Provided, however,* That the provisions of this act shall not apply to parcels of land applied to the purposes aforesaid, containing less than twenty acres, nor to any in or out lots laid off and lying within the corporate limits of any town or city　This act shall not. apply to any town or city containing more than five thousand inhabitants."

In their complaint, the appellants alleged, in substance, that the appellee Cambridge City was an incorporated town, in this State, containing much less than five thousand inhabitants; that the appellant Harriet E. Conklin owned certain real estate within the corporate limits of said town, and that the other appellant, Benjamin Conklin, owned no real estate therein; that, for the year 1873, the appellee Cambridge City had assessed the said real estate for taxation, partly in the name of said Benjamin Conklin, and partly in the name of said Harriet E. Conklin, particularly describing the real estate assessed in the name of each of them, although no part of said real estate had been owned by said Benjamin Conklin, at any time within eight years; that no part of said real estate had been given in or listed by said Benjamin Conklin; that all the real estate in said town, belonging to said Harriet E. Conklin, had been in her possession for more than eight years; that said real estate, described as twenty acres assessed to Harriet E. Conklin, with its improvements, valued at six thousand dollars, was and constituted but a single tract; that, at the time of said assessment, and continuously for many years before that time, and still, the said tract was used exclusively for farming purposes, and

had never been laid out in lots, and therefore was not liable to said tax or assessment for town purposes; that notwithstanding all these facts, the appellees persisted in collecting the said taxes; that the appellee Pritchard, as Marshal of said town, by virtue of the town duplicate for taxes, had seized and levied on certain described personal property of said Benjamin Conklin, to pay and satisfy said taxes, had advertised the same for sale, and would sell the same, if not restrained by the court below.

The prayer of said complaint was for a temporary restraining order, and, on final hearing, for a perpetual injunction. The complaint was duly verified, and the proper undertaking was therewith filed.

The appellees answered the appellants' complaint, by a general denial, and the cause was tried by the court below, and a finding made for the appellees; and the appellants' written motion for a new trial having been overruled, and their exception saved to such ruling, judgment was rendered on the finding, for the appellees.

The only alleged error of the court below, assigned by the appellants in this court, was the overruling of their motion for a new trial; and the only alleged causes for such new trial were, that the finding of the court was not sustained by sufficient evidence, and was contrary to law.

The question, therefore, for our consideration, is a mixed question of law and fact. All the other facts in issue between the parties, except the fact as to whether the appellants' lands, to the amount of twenty acres, were "used exclusively for farming purposes," were admitted on the trial.

The evidence of the county surveyor, on the one disputed question of fact, was the controlling evidence in regard to the quantity of appellants' land, within the corporate limits of the town, and the quantity used exclusively for farming purposes. This witness testified, in substance, that the appellant Harriet E. Conklin owned a tract of land within the corporate limits of Cambridge City, con-

taining twenty-one and one hundred and fifty one hundred and sixtieths acres ; that, of this tract, two and eleven hundredths acres were not used for farming purposes; and therefore it followed that, of said tract of land, less than twenty acres were "used exclusively for farming purposes." Of course, as the appellants failed, by their evidence, to bring their case within the strict letter of the statute, they failed in the court below, and they must also fail in this court, to obtain the relief sought for.

Exemptions from taxation are not, and ought not to be, especially favored by the courts ; and where such an exemption is claimed, the party claiming the same must show a case, by sufficient evidence, which is clearly within the exact letter of the law.

This was not done in the case now before us ; and, therefore, we hold that the court below did not err, in overruling the appellants' motion for a new trial. *The Common Council of Indianapolis* v. *McLean,* 8 Ind. 328.

The judgment of the court below is affirmed, at the costs of the appellants.