### BIENZ *v.* STATE OF INDIANA.

[No. 26,008. Filed May 3, 1934.]

 

*Robinson, Symmes & Melson* and *Kivett & Kivett,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

FANSLER, J.—Appellant was charged with and convicted of violating the election law by unlawfully marking an official ballot. His motion to quash the affidavit and motion to arrest judgment were overruled.

The only question presented here is the sufficiency of the affidavit to charge an offense. The statute under which the affidavit was drawn, insofar as it is involved in this case, is as follows:

> "If any inspector, judge, poll clerk or other person entrusted with the custody or control of any ballot or ballots, either before or after they have been voted, shall in any way mark, mutilate or deface any ballot, or place any distinguishing mark thereon, either for the purpose of identifying the same (except by numbering protested ballots for future reference), or for the purpose of vitiating the same, he shall be guilty of a felony, and, on conviction, shall be imprisoned in the state's prison not more than ten nor less than five years, and fined in any sum not exceeding two thousand dollars." §7524, Burns 1926.

The affidavit, omitting the formal parts, is as follows:

> "John L. Bienz, on or about the 8th day of May, A. D. 1930, at and in the County of Marion and State of Indiana, was then and there entrusted by

one Enos W. Hoover, who was then and there the duly appointed and qualified election inspector in the Ninth Precinct of the Fourth Ward in the City of Indianapolis at a primary election then and there held, with the custody and control of a certain official ballot of and for the candidates of the Republican party in and for said precinct and ward in said primary election, and that the said John L. Bienz did then and there unlawfully and feloniously mark said official Republican ballot, contrary to the form of the statute," etc.

It is contended by the state that the statute defines several offenses, viz: marking a ballot, mutilating a ballot, defacing a ballot, placing a distinguishing mark upon a ballot for the purpose of identifying the same, and placing an identifying mark upon a ballot for the purpose of vitiating the same.

Appellant contends that the statute defines the crimes of marking, mutilating, defacing, or placing a distinguishing mark upon a ballot, either for the purpose of identifying, or for the purpose of vitiating the same.

It is conceded by the state that if appellant's construction of the statute is correct, no offense is charged, and the affidavit should have been quashed.

If appellee's view is to be taken, the words "either for the purpose of identifying the same, or for the purpose of vitiating the same," are surplusage, as are the words "or place any distinguishing mark thereon." It is a well recognized principle of construction that all of the language used in the statute will be deemed to have been intentionally used to effect the meaning of the act. If the words "either for the purpose of identifying the same, or for the purpose of vitiating the same," do not qualify the words "mark, mutilate or deface any ballot," they serve no purpose whatever in the statute, since the phrase "place any distinguishing mark thereon," is included in the meaning of the word "mark."

The trial court took the view that the punctuation in the sentence requires that the clauses "either for the purpose of identifying the same," and "or for the purpose of vitiating the same," relate only to the clause "or place any distinguishing mark thereon," and that they do not relate to the words "mark, mutilate or deface any ballot." In other words, it is the state's contention that the last clauses qualify only the clause preceding the comma immediately before them. But in the case of *Seiler* v. *State ex rel. Board of Commissioners* (1903), 160 Ind. 605, 67 N. E. 448, this court held that in the sentence: "Such board shall be composed of the county assessor, county auditor and county treasurer, and two freeholders to be appointed by the judge of the circuit court, who shall each be paid out of the county treasury, the sum of $3 for each and every day while they are acting as members of said board," the clause "who shall each be paid," etc., related back to each of the series of antecedents, and that all of the members of the board were entitled to be paid the sum of $3 per day. As a general rule, punctuation is not controlling in the construction of statutes, although it is a recognized aid in doubtful cases. But in penal statutes, doubts as to correct interpretation are resolved in favor of those whom it is sought to penalize. *Schilling* v. *State* (1888), 116 Ind. 200, 18 N. E. 682.

As we view it, the legislative intention in enacting the statute is clear. The severe penalty was not provided as a punishment for the mere marking, or mutilating, or defacing, or placing a distinguishing mark upon a ballot. It was intended as a punishment for purposely seeking to identify a ballot so as to make possible corrupt voting, or for purposely vitiating a ballot so as to prevent the counting thereof.

Judgment reversed, with instructions to sustain appellant's motion in arrest of judgment.