**Paul A. SMILEY and Mary A. Smiley, Appellants (Plaintiffs Below)**

v.

**STATE of Indiana, DEPARTMENT OF REVENUE, Appellee (Defendant Below).**

**No. 2–780A239.**

Court of Appeals of Indiana, Second District.

Feb. 19, 1981.

Rehearing Denied April 10, 1981.

Edward B. Hopper, II, Hopper & Opperman, Indianapolis, for appellants (plaintiffs below).

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellee (defendant below).

SHIELDS, Judge.

Appellants Paul and Mary Smiley appeal the judgment in favor of the State of Indiana, Department of Revenue (Department) which denied their claim for a refund of tax paid.

Paul Smiley was the president, a member of the board of directors, and a stockholder of Truss Span, Inc., an Indiana corporation. For periods ending December 1972, March 1973, and April 1973, Truss Span, Inc. owed withholding taxes to the Department. Paul Smiley signed and timely filed the appropriate withholding tax returns for these periods; however, the tax was not paid.

Truss Span, Inc. was adjudicated bankrupt in October 1973 and a portion of the withholding tax owed was satisfied from the assets of the corporation. The Department assessed and collected the remaining tax due from the Smileys in May 1978.[1]

On appeal, the Smileys argue the notice of assessment was not timely made since IC 6–3–6–2(a) (Burns Code Ed.) requires the Department to issue a notice of assessment within three (3) years after the return is filed.

We disagree and affirm the judgment. IC 6–3–6–2(a) provides in pertinent part:

"If the department discovers from the examination of any return, or otherwise, that the adjusted gross income of any taxpayer, or any portion thereof, has not been properly reported, or that proper tax computation and assessment has not been made, it may at any time within three [3] years after the time when the return covering such adjusted gross income was filed, issue to the taxpayer a notice of proposed assessment, . . . ."

The plain reading of this statute is that the three [3] year limitation period applies only to cases in which (1) adjusted gross income or a portion thereof has not been properly reported or (2) proper tax computation and assessment have not been made. It does not apply to a case such as the one before us in which the return was properly and timely filed, with the tax properly reported, computed, and assessed, but simply not remitted.

Where a statute is plain and unambiguous, there is no need for construction or interpretation and the plain meaning must be given the statute. *Lindley v. State*, (1978) Ind., 373 N.E.2d 886; *Flynn v. State*, (1980) Ind.App., 403 N.E.2d 1117; *Perry v. State*, (1980) Ind.App., 401 N.E.2d 792. It is not within the province of this court to expand or contract the meaning of a statute by reading into it language which arguably will correct any supposed omissions or defects. *Grody v. State*, (1972) 257 Ind. 651, 278 N.E.2d 280. Therefore, we hold the Department was not bound by the three (3) year limitation of IC 6–3–6–2(a).

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.

---

1. Smiley, as a corporate officer with the duty to deduct and remit withholding taxes, was personally liable for the taxes, penalties, and interest due. IC 6–3–4–8(d) (Burns Code Ed.).