**CAYLOR–NICKEL CLINIC,
P.C., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE
REVENUE, Respondent.**

No. 49T05–9002–TA–00009.

Tax Court of Indiana.

April 4, 1991.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Lynn A. Francis, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

Caylor–Nickel Clinic, P.C. (Caylor–Nickel) appeals the Indiana Department of State Revenue's (Department) assessment of gross income tax and interest of $136,980.57 for its fiscal year ending April 30, 1987. This matter is before the court on the parties' cross motions for summary judgment.

## FACTS

Caylor–Nickel, an Indiana professional corporation, provides health care services in Bluffton, Indiana. It determines its tax liability on a fiscal year basis, beginning May 1 and ending April 30. For the tax years ending April 30, 1985, 1986, 1988, and 1989, Caylor–Nickel qualified for the small business corporation tax returns on or be-

fore August 15 of each year. For the 1987 fiscal year, however, Caylor–Nickel filed its federal corporation income tax return, Form 1120, and its Indiana Special Corporation Income Tax Return, IT–20SC, on January 15, 1988. Caylor–Nickel reported a loss for fiscal 1987 on both the state and federal returns. Caylor–Nickel did not previously file state or federal returns for the 1987 fiscal year nor did it obtain extensions of time to file the 1987 returns.

On July 19, 1988, the Department issued a Notice of Tax Due in the amount of $133,592.12 for unpaid 1987 Indiana gross income tax,[1] interest, and penalties. The Department asserts that Caylor–Nickel waived the small business corporation exemption allowed under IC 6–2.1–3–24.5 for the 1987 fiscal year because it neither filed Form IT–20SC nor filed for an extension of time to file by August 15, 1987.

Following a hearing on Caylor–Nickel's protest, the Department issued its Letter of Findings denying the protest as to the tax and interest but waiving the penalties. The Department then denied a request for rehearing and on February 2, 1990, issued a Notice of Assessment of gross income tax and interest in the amount of $136,980.57.

Caylor–Nickel filed an Original Tax Appeal and Petition to Enjoin the Collection of Tax. By subsequent agreement and this court's order, an Agreed Order of Injunction was entered, enjoining the Department's collection from Caylor–Nickel of gross income tax and interest for the 1987 fiscal year pending the original tax appeal.

## STANDARD OF REVIEW

Cross motions for summary judgment do not alter the standard for granting summary judgment. *Aetna Ins. Co. v. Rodriquez* (1986), Ind.App., 496 N.E.2d 1321, 1323; Ind.Rules of Procedure, Trial Rule 56(C). Each motion must be considered separately to determine whether there is a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Aetna*, 496 N.E.2d at 1323 (citing *Ebert v.*

1. The tax assessed, $111,830.00, included a $3,093.00 credit for an overpayment in 1986.

*Grain Dealers Mut. Ins. Co.* (1973), 158 Ind.App. 379, 303 N.E.2d 693). Neither Caylor–Nickel nor the Department asserts in their cross motions for summary judgment that a genuine issue of material fact exists.

### ISSUES AND DECISION

The issues before the court on the parties' cross motions are:

I. Whether, as a matter of law, timely filing of Form IT–20SC is a condition precedent to claiming the small business corporation gross income tax exemption provided in IC 6–2.1–3–24.5?

II. Whether Form IT–20SC is an information return, as defined by 45 I.A.C. 15–11–6, subject to the penalty exacted under IC 6–8.1–10–6?

III. Whether August 15, 1987, is the due date of Form IT–20SC for a taxpayer with a fiscal year ending April 30, 1987, pursuant to IC 6–2.1–5–2(c) and 45 I.A.C. 1–1–172?

### I.

■ Whether timely filing of Form IT–20SC is a condition precedent to claiming the small business corporation exemption from state gross income tax "is purely a matter of statutory construction and is therefore subject to a ruling by summary judgment." *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs* (1990), Ind.Tax, 563 N.E.2d 1345, 1347 (citing *Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1990), Ind.Tax, 557 N.E.2d 713, 715). A small business corporation is exempt from Indiana gross income tax:

(a) For purposes of this section, 'small business corporation' has the same definition that term has in Section 1361(b) of the Internal Revenue Code [26 U.S.C. § 1361(b)]....

(b) Except as provided in subsection (c), gross income received by a small business corporation is exempt from gross income tax.

(c) A small business corporation is not exempt from gross income tax under this section for a taxable year if for that taxable year twenty-five percent (25%) or more of the small business corporation's gross income consisted of passive investment income (as defined in Section 1362(d)(3)(D) of the Internal Revenue Code [26 U.S.C. § 1362(d)(3)(D)]).

IC 6–2.1–3–24.5 (footnotes omitted).

The taxpayer claiming exemption has the burden of showing the terms of the exemption statute are met. *St. Mary's Medical Center v. State Bd. of Tax Comm'rs* (1989), Ind.Tax, 534 N.E.2d 277, 281 (quoting *Indiana Ass'n of Seventh–Day Adventists v. State Bd. of Tax Comm'rs* (1987), Ind.Tax, 512 N.E.2d 936, 938). The Department's Information Bulletin # 62 [2] prescribed Form IT–20SC, the Special Corporation Income Tax Return, as the only return a small business corporation must file to satisfy IC 6–2.1–5–2(a), requiring all taxpayers with a gross income of $1,000 or more in a taxable year to file a gross income tax return, and IC 6–2.1–3–24.5(d), requiring a small business corporation taxpayer to file annual proof of its status.

The top portion of Form IT–20SC contains questions, the answers to which provide *prima facie* proof that during the period of assessment the taxpayer met the definition of a small business corporation and met the requirements of the passive investment test. Caylor–Nickel filed Form IT–20SC on January 15, 1988, for the 1987 fiscal year. Furthermore, Caylor–Nickel and the Department stipulated, and the court finds, Caylor–Nickel met the requirements of IC 6–2.1–3–24.5(a), (b), and (c) for the 1987 fiscal year. The controversy therefore focuses on the meaning of IC 6–2.1–3–24.5(d):

(d) Any corporation that claims an exemption under this section shall annually provide the department with proof that it

---

**2.** The Indiana Department of State Revenue's Information Bulletin # 62, Income Tax Division, September, 1986, is only advisory since it was not adopted in conformity with the rulemaking procedures set out in IC 6–8.1–3–3 and IC 4– 22–2 et seq. and, unlike a properly adopted regulation, does not have the force of law. *See Economy Oil Corp. v. Indiana Dep't of State Revenue* (1974), 162 Ind.App. 658, 670, 321 N.E.2d 215, 221; IC 4–22–2–44.

is a small business corporation. The corporation must provide that proof on or before the due date of its gross income tax return (including any extensions granted by the department).

▮ The foremost goal of statutory construction is to determine and give effect to the true intent of the legislature. *Johnson County Farm Bureau Coop. Ass'n v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 568 N.E.2d 578, 580 (citing *Scheid v. State Bd. of Tax Comm'rs* (1990), Ind. Tax, 560 N.E.2d 1283, 1286). To determine the legislature's intent, the words of a statute must be read in their plain, ordinary, and usual sense. IC 1–1–4–1(1). IC 6–2.1–3–24.5 should be construed not only in light of its text, but also in its proper context. Indiana law has long recognized that context influences the plain meaning of the words in a statute.

It has often been stated by the courts, that in the construction of statutes the prime object is to ascertain and carry out the purpose and intent of the legislature; that to do this the words should first be considered in their literal and ordinary signification; that if, by giving them such a signification, the meaning of the whole instrument is rendered doubtful, or is made to lead to contradictions, or absurd results, the intent, as collected from the whole instrument, must prevail over the literal import of terms, and control the strict letter of the law.

*Decatur Township v. Bd. of Comm'rs* (1942), 111 Ind.App. 198, 209–10, 39 N.E.2d 479, 483 (citing *City of Indianapolis v. Huegele* (1888), 115 Ind. 581, 587, 18 N.E. 172).

▮ Many well-settled rules of construction aid in ascertaining a statute's meaning based on its context. Indiana law does not treat exemptions from tax statutes favorably. *See Indiana Dep't of State Revenue v. Indianapolis Pub. Transp. Corp.* (1990), Ind., 550 N.E.2d 1277, 1278; *Madding v. Indiana Dep't of State Revenue* (1971), 149 Ind.App. 74, 92, 270 N.E.2d 771, 780–81 (citing *Gross Income Tax Div. v. Nat'l Bank & Trust Co.* (1948), 226 Ind. 293, 298, 79 N.E.2d 651,

653); *Conklin v. Town of Cambridge City* (1877), 58 Ind. 130, 133. An ambiguous exemption statute therefore is strictly construed against the party seeking the benefit and in favor of taxation. *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 908 (citing *Indiana Dep't of State Revenue v. Indiana Harbor Belt R.R.* (1984), Ind.App., 460 N.E.2d 170, 174–75), *aff'd*, 550 N.E.2d 1277 (1990). Furthermore, statutes that apply to the same subject matter must be construed harmoniously, *Marion County Sheriff's Merit Board v. Peoples Broadcasting Corp.* (1989), Ind., 547 N.E.2d 235, 237 (citing *Schrenker v. Clifford* (1979), 270 Ind. 525, 387 N.E.2d 59, 60; *Bell v. Bingham* (1985), Ind.App., 484 N.E.2d 624, 627), giving effect, if possible, to every word and clause. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821, 823 (citing *Doughty v. State Dep't of Pub. Welfare* (1954), 233 Ind. 213, 117 N.E.2d 651).

▮ All four subsections of IC 6–2.1–3–24.5 address the same subject matter, the small business corporation exemption from gross income tax. Subsections (a), (b), and (c) specify qualifications for exemption while (d) provides a filing requirement. The Department asserts the only way to harmonize and give effect to IC 6–2.1–3–24.5(d) in the light most favorable to imposing taxation is to find that compliance with the filing requirement is a prerequisite to claiming the exemption. The Department therefore asks the court to read IC 6–2.1–3–24.5(b) as if it stated, "Except as provided in subsections (c) and (d). . . ." or to read IC 6–2.1–3–24.5(d) as if it began, "To obtain the exemption provided by this section . . .," requiring a taxpayer to meet the terms of IC 6–2.1–3–24.5(d) or lose the exemption.

On the other hand, if the legislature intended timely filing to be a prerequisite to obtaining exemption, Caylor–Nickel contends the legislature could have used the very language the Department would have the court read into the statute. Caylor–Nickel asserts (1) the plain language of IC 6–2.1–3–24.5 requires nothing more than to meet the terms of IC 6–2.1–3–24.5(a), (b),

and (c) to qualify for exemption, (2) the legislature specifically qualified the exemption in subsection (b) by subsection (c), the passive investment test, (3) the small business corporation filing requirement in subsection (d) is completely independent from the exemption in subsection (b), and (4) the legislature did not intend to condition the exemption upon a taxpayer's compliance with subsection (d) because subsection (b) does not refer to subsection (d).

Caylor–Nickel further asserts that its interpretation is harmonious with the statutory language utilized in the remaining gross income tax exemptions. "There is a strong presumption that the legislature, in enacting a statute, has full knowledge of existing legislation on the same subject matter." *Blood v. Poindexter* (1989), Ind. Tax, 534 N.E.2d 768, 771 (citing *Morgan County Rural Elec. Membership v. Indianapolis Power & Light Co.* (1973), 260 Ind. 164, 302 N.E.2d 776, 778). At the time the legislature enacted IC 6–2.1–3–24.5, four of the more than thirty exemptions contained in IC 6–2.1–3–24.5 were expressly conditioned upon compliance with filing and reporting requirements. For example, the exemption from gross income tax for various student housing organizations stated in pertinent part:

(a) *Except as provided in subsection (b),* gross income received ... by a fraternity, sorority, or a student cooperative housing organization which is connected with, and under the supervision of, a college, university, or other educational institution is exempt from gross income tax....

(b) *To obtain the exemption provided by this section, a taxpayer must file an application for exemption.... [and] an annual report* with the department on or before the fifteenth day of the fifth month following the close of each year. *If a taxpayer fails to file* such a report the department shall notify the taxpayer of the failure. If within sixty (60) days of receiving such notice the taxpayer does not provide such a report, *the taxpayer's exemption shall be cancelled.*

IC 6–2.1–3–19 (emphasis added). Additionally, IC 6–2.1–3–19(b) is incorporated by reference in the exemptions provided

in IC 6–2.1–3–20, IC 6–2.1–3–21, and IC 6–2.1–3–22, each therefore expressly conditioned upon filing and reporting requirements which, if not met, result in waiver of the exemption.

Statutory language is deemed intentionally chosen by the legislature to give effect to the meaning of an act. *Bienz v. State* (1933), 206 Ind. 482, 484, 190 N.E. 170, 171. The court may not expand or contract the meaning of a statute by reading into it language to correct supposed omissions or defects. *Smiley v. State Dep't of Revenue* (1981), Ind.App., 416 N.E.2d 855, 856 (citing *Grody v. State* (1972), 257 Ind. 651, 278 N.E.2d 280). The court may not invade the domain of the legislature, *Department of State Revenue v. Crown Development Co.* (1952), 231 Ind. 449, 462, 109 N.E.2d 426, 431, nor "substitute language which it feels the legislature may have intended." *Indiana Dep't of State Revenue v. Estate of Smith* (1984), Ind.App., 460 N.E.2d 1263, 1265 (citing *State ex rel. S. Hills Mental Health Center, Inc. v. Dubois County* (1983), Ind.App., 446 N.E.2d 996, 1001; *Brighton v. Schoffstall* (1980), Ind.App., 401 N.E.2d 84, 86).

If the legislature intended noncompliance with subsection (d) to be fatal to obtaining the small business corporation exemption, it could have either expressly provided in subsection (b) that it was further qualified by subsection (d), as it did with subsection (c), or provided in subsection (d) that compliance with its procedures was necessary to obtain the exemption, as it did in IC 6–2.1–3–19 to 22. The legislature provided no such additional qualifications. The court therefore may not read into IC 6–2.1–3–24.5 language similar to that used in IC 6–2.1–3–19 unless the legislature intended the statute to establish filing as a condition precedent to obtaining the small business corporation exemption.

The court takes a panoramic view of the entire tax statute when determining the legislative intent of an exemption statute. *Indiana Dep't of State Revenue v. Cable Brazil, Inc.* (1978), 177 Ind.App. 450, 457,

380 N.E.2d 555, 559 (citing *Allen County Dep't of Pub. Welfare v. Ball Memorial Hosp. Ass'n* (1969), 253 Ind. 179, 252 N.E.2d 424; *State v. Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892; *Ervin v. Review Bd. of Indiana, Employment Sec. Div.* (1977), Ind.App., 364 N.E.2d 1189; *Abrams v. Legbandt* (1974), 160 Ind.App. 379, 312 N.E.2d 113; 26 I.L.E. 314 § 113, Statutes). The Department asserts, however, the court must look beyond the four corners of Indiana's Gross Income Tax Act to define the parameters of the small business corporation exemption. The Department contends federal treatment of subchapter S corporation elections and state treatment of personal property tax exemptions are relevant in determining the requirements of the small business corporation exemption.

Failure to make a timely election disqualifies a taxpayer from receiving favorable subchapter S corporation treatment because such treatment is expressly dependant upon the taxpayer making the election by a specific date. 26 U.S.C. § 1362(a)(1). A comparison of the federal code provisions for electing subchapter S corporation status with the filing requirement in IC 6–2.1–3–24.5(d), however, is not persuasive. The exemption afforded by IC 6–2.1–3–24.5 is not an election, as the Department states itself in Information Bulletin # 62, nor is the exemption in IC 6–2.1–3–24.5(b) expressly conditioned on the filing requirement in subsection (d).

The Department also compares the small business corporation filing requirement to filing and reporting requirements for personal property tax exemptions. *See Indiana State Bd. of Tax Comm'rs v. Stanadyne, Inc.* (1982), Ind.App., 435 N.E.2d 278; *Gulf Stream Coach, Inc. v. Indiana State Bd. of Tax Comm'rs* (1988), Ind.Tax, 519 N.E.2d 238. The procedures necessary to claim property tax exemptions, IC 6–1.1–11–1, *et seq.*, expressly apply to all property tax exemptions,[3] and the express penalty for non-compliance is waiver of the exemp-

tion.[4] On the contrary, gross income tax exemptions are not subject to generally applicable procedures, and with the exception of IC 6–2.1–3–19 to –22, they do not expressly provide waiver as the penalty for noncompliance.

Furthermore, the legislature has provided express statutory remedies when a taxpayer fails to timely file a gross income tax return. A taxpayer must pay interest, IC 6–8.1–10–1(a), and penalties, IC 6–8.1–10–2(a) on any nonpayment of taxes owed. For failing to timely file an information return,[5] a ten dollar penalty is imposed. IC 6–8.1–10–6. Additionally, only four [6] of the more than thirty gross income tax exemptions expressly state that a taxpayer's noncompliance with filing requirements waives the exemption. In general, the penalty for failure to file a gross income tax return claiming an exemption is less harsh than waiver of the exemption unless specifically stated otherwise by the statute.

The legislature sets the requirements for the utilization and waiver of a purely statutory exemption. *See Gulf Stream Coach,* 519 N.E.2d at 242. The legislature did not expressly provide IC 6–2.1–3–24.5(d) as a condition to qualify for the small business corporation exemption, nor did it prescribe waiver as the penalty for a corporation's failure to timely file Form IT–20SC. Finding IC 6–2.1–3–24.5(d) is not a condition precedent to obtaining the exemption provided in IC 6–2.1–3–24.5(b), however, does not render the filing requirement meaningless and is consistent with the rule that exemption statutes are construed in favor of imposing tax. IC 6–2.1–3–24.5(d) does impose upon the taxpayer claiming exemption the burden of showing the terms of the exemption statute are met. Consequently, a taxpayer failing to meet this burden, not qualifying for exemption, is subject to assessment.

The court finds as a matter of law that a taxpayer's failure to timely file Form IT–20SC does not waive the small business

---

**3.** IC 6–1.1–11–2.

**4.** IC 6–1.1–11–1.

**5.** 45 I.A.C. 15–11–6.

**6.** IC 6–2.1–3–19 to –22.

corporation exemption under IC 6–2.1–3–24.5.

## II.

Caylor–Nickel further contends that Form IT–20SC is an information return for gross income tax purposes which would incur a ten dollar penalty under IC 6–8.1–10–6 if it was not timely filed. The Department defined an information return:

> For purposes of IC 6–8.1–10–6, an 'information return' shall constitute any return required by the Indiana Code, or department regulations to be filed by a taxpayer which does not report a tax liability. Such returns include, but are not limited to:
>
> (1) An S corporation return.
> (2) A partnership return.
> (3) A W–2 return.
> (4) A WH–18 return.
> (5) Certain fiduciary returns.
> (6) Not-for-profit returns.

45 I.A.C. 15–11–6.

■ Rules of statutory construction are applicable when construing administrative rules and regulations. *Johnson County,* 568 N.E.2d at 586 (citing *Rogers v. State Bd. of Tax Comm'rs* (1991), Ind.Tax, 565 N.E.2d 398, 402). The doctrine of *ejusdem generis* therefore may be applied as an aid to construction. *Northern Indiana Pub. Serv. Co. v. State* (1987), Ind.App., 504 N.E.2d 311, 312 (citing *Brook v. State* (1983), Ind.App., 448 N.E.2d 1249, 1252).

> 'Under the doctrine of *Ejusdem Generis,* when words of specific or limited signification in a statute are followed by general words of more comprehensive import, the general words are construed to embrace only such things as are of like kind or class with those designated by the specific words, unless a contrary intention is clearly expressed.' *Short v. State* (1954), 234 Ind. 17, 122 N.E.2d 82. . . .

*Shideler v. Dwyer* (1979), Ind.App., 386 N.E.2d 1211, 1214, *vacated on other grounds,* 275 Ind. 270, 417 N.E.2d 281

(1981). Likewise, when specific terms follow general terms, the general terms are restricted to things similar to those specifically enumerated. *Frost v. Review Bd. of the Indiana Employment Sec. Div.* (1982), Ind.App., 432 N.E.2d 459, 461 (citing 2A Sutherland, STATUTES AND STATUTORY CONSTRUCTION § 47.1–17 (4th ed. 1973).

■ Regulation 45 I.A.C. 15–11–6 provides a general definition of an information return followed by a list of six specific returns, not including the small business corporation gross income tax return, which qualify as information returns. The list follows the language, "[s]uch returns include but are not limited to . . .," 45 I.A.C. 15–11–6, indicating the list is non-exclusive and merely enumerates examples of information returns. *See Frost,* 432 N.E.2d at 461. The instant inquiry therefore focuses on determining whether the unenumerated small business corporation gross income tax return, Form IT–20SC, is sufficiently similar to the given examples to qualify as an information return for gross income tax purposes.

Regulation 45 I.A.C. 15–11–6 expressly designates both the partnership return, Form IT–65, and the S corporation return, Form IT–20S, as information returns. 45 I.A.C. 15–11–6(1), (2). Recognition of the small business corporation return, Form IT–20SC, as an information return for gross income tax purposes is consistent with the Department's treatment of S corporation and partnership returns. S corporations, small business corporations, and partnerships are "taxpayers" for gross income tax purposes,[7] are required to file annual gross income tax returns,[8] and are exempt from gross income tax.[9] An S corporation does not report gross income tax liability on Form IT–20S but does report liability for adjusted gross income tax, supplemental net income tax, and unpaid withholding tax for non-resident shareholders. A partnership does not report gross income tax liability on Form IT–65, but does report liability for unpaid withholding tax for a

---

**7.** IC 6–2.1–1–16(11), (23).

**8.** IC 6–2.1–5–2(a).

**9.** IC 6–2.1–3–24, –24.5(b), –25(b).

non-resident partner. Similarly, a small business corporation does not report gross income tax liability on Form IT–20SC, but does report liability for adjusted gross income tax and supplemental net income tax.

The Department contends that Form IT–20SC is not an information return because it generally reports tax liability. The contention, however, is without merit since both S corporation and partnership returns are expressly designated as information returns under regulation 45 I.A.C. 15–11–6 notwithstanding the tax liability reported for other taxes than gross income tax. The court therefore finds the Special Corporation Income Tax Return, Form IT–20SC, is an information return for gross income tax purposes.

The legislature has determined the appropriate penalty for failing to timely file an information return is ten dollars. IC 6–8.1–10–6. The court finds the failure to file a timely Form IT–20SC should be treated as the failure to file an information return subject to the penalty set forth in IC 6–8.1–10–6.

### III.

Caylor–Nickel further asserts its 1987 Form IT–20SC was timely filed on January 15, 1988, and is not therefore subject to a penalty. In order for a return to be late, Caylor–Nickel contends it must have a due date. Caylor–Nickel maintains no due date was prescribed by statute or regulation for Form IT–20SC.

A corporation claiming the small business corporation exemption must provide proof of its status "on or before the *due date* of its gross income tax return (including any extensions granted by the department)." IC 6–2.1–3–24.5(d) (emphasis added). Caylor–Nickel's taxable year ended April 30, 1987. To determine the due date of Caylor–Nickel's gross income tax return, IC 6–2.1–5–2(c) provides in pertinent part, "if a taxpayer utilizes a taxable year which does not end on December 31, the department shall prescribe the due dates for filing annual gross income tax returns and paying the tax." The Department pre-

scribes due dates in regulation 45 I.A.C. 1–1–172, stating in pertinent part:

Taxpayers whose gross income for the tax year exceeds $1,000 must file an annual gross income tax return. Annual returns IT–20, IT–20G and IT–65T are due on or before the fifteenth day of the fourth month following the close of the calendar or fiscal year. Return IT–20NP is due the fifteenth day of the fifth month following the close of the calendar or fiscal year. If the annual return is filed and the tax liability shown to be due thereon is paid on or before the time for filing the last quarterly tax return for the year, no separate return is required for that last quarter.

. . . .

Because regulation 45 I.A.C. 1–1–172 does not specifically mention Form IT–20SC, Caylor–Nickel contends the Department did not follow the statutory directive to prescribe a due date for Form IT–20SC. Caylor–Nickel concludes that filing its 1987 Form IT–20SC on January 15, 1988, is not a late filing which would trigger the penalty.

The court disagrees. Regulation 45 I.A.C. 1–1–172 expressly provides due dates for Forms IT–20, IT20–G, IT–65T, and IT–20NP. Form IT–20SC is merely a variation of Form IT–20 which was specifically created to provide proof of small business corporation status as required under IC 6–2.1–3–24.5. Although the maxim *expressio unius est exclusio alterius*, the express mention of certain words implies the exclusion of other words not specified, is applicable when construing the regulation's meaning, *cf. Sue Yee Lee v. Lafayette Home Hospital, Inc.* (1980), Ind.App., 410 N.E.2d 1319, 1324 (citing *Duda v. New Prairie United School Corp.* (1967), 140 Ind.App. 528, 224 N.E.2d 327) (concerning a statute not a regulation); *see also Johnson County*, 568 N.E.2d at 586 (citing *Rogers*, 565 N.E.2d at 402), it is merely an aid to construction not a rule of law to be followed blindly with the effect of overriding or defeating the regulation's clear intent. *Sue Yee Lee*, 410 N.E.2d at 1324 citing *Creasey v. Pyramid Coal Corp.* (1945), 116 Ind.App. 124, 61 N.E.2d 477 (concerning a statute not a regulation); *Gates v. Hick-*

*man* (1947), 117 Ind.App. 414, 70 N.E.2d 441 (concerning a statute not a regulation). Express reference to Form IT–20G and Form IT–20NP does not imply the exclusion of all other variations of the IT–20. The Department did not intend its regulation to be applied in an illogical or absurd manner, nor did it intend its regulation to contain provisions, the effect of which easily could be avoided. *Cf. State ex rel. Hatcher v. Lake Super. Ct.* (1986), Ind., 500 N.E.2d 737, 739 (citations omitted) (concerning a statute not a regulation); *see also Faris Mailing, Inc. v. Indiana Dep't of State Revenue* (1990), Ind.Tax., 557 N.E.2d 713, 716 (citations omitted). If the court found that the Department did not intend to prescribe due dates for the unmentioned variations of Form IT–20, the result would be absurd, illogical, and, in effect, would permit some taxpayers to have an unlimited period to file a timely return.

The court therefore finds the reference to IT–20 in regulation 45 I.A.C. 1–1–172 includes IT–20SC and all the other variations of Form IT–20SC not specifically mentioned.

Accordingly, the court now GRANTS Caylor–Nickel's motion for summary judgment. The exemption provided for in IC 6–2.1–3–24.5 is GRANTED. Additionally, the court ORDERS Caylor–Nickel to pay the penalty set forth in IC 6–8.1–10–6 for its failure to file a timely information form, Form IT–20SC, for its 1987 fiscal year.