**HAMMOND CONSTRUCTION, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9211–TA–00090.

Tax Court of Indiana.

Sept. 21, 1993.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., Douglas J. DeGlopper, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Hammond Construction, Inc. (Hammond), appeals the final determination of the Respondent, the Indiana Department of State Revenue (the Department), denying Hammond's claim for refunds for the fiscal years ending March 31, 1986, and March 31, 1989.

### FACTS

Hammond is and has been a privately owned Ohio corporation at all times relevant to this appeal. During the years in issue, Hammond, a "small business corporation" under IND.CODE 6–2.1–3–24.5, had less than 25 percent passive investment income comprising its gross income.

Hammond performed construction jobs in Indiana but failed to file an Indiana income tax return for either fiscal 1986 or fiscal 1989. In 1990, the Department audited Hammond's possible income, withholding, and sales tax liabilities for the years in issue. The audit resulted in proposed assessments of gross income tax, interest, and penalties for 1986 and 1989, withholding tax, interest, and penalties for 1986 and 1989, and sales/use tax, interest, and penalties for 1989. Hammond has made a partial payment of the assessed taxes. In 1992, Hammond timely filed its claim for refund of the gross income tax, penalties, and interest paid to the Department. The Department denied the claim for refund on October 18, 1992. On November 4, 1992, Hammond appealed.

### ISSUE

Whether the untimely filing of Form IT–20SC by a "non-filer" is forfeiture of its exemption from Indiana gross income tax under IND.CODE 6–2.1–3–24.5.

### STANDARD OF REVIEW

The tax court shall hear appeals of claims for refund from the Department *de novo*, and the scope of review, therefore, extends beyond the issues argued at the administrative level. IND.CODE 6–8.1–9–1(d). *See Hoosier Energy Rural Electric Coop., Inc. v. Indiana Dep't of State Revenue* (1988), Ind.Tax, 528 N.E.2d 867, 869, *aff'd* (1991), Ind., 572 N.E.2d 481, *cert. denied* (1991), —— U.S. ——, 112 S.Ct. 337, 116 L.Ed.2d 277. "Each party to a summary judgment motion must designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Fort Wayne National Corp. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 621 N.E.2d 668, 670 (quoting *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434.) The court will grant the motion only if no genuine issue of material fact exists and either party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 766 *aff'd* (1992), Ind., 587 N.E.2d 1311; *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907 *aff'd* (1990), Ind., 550 N.E.2d 1277).

### DISCUSSION AND DECISION

The critical dispute is whether the timely filing of Form IT–20SC is a condi-

tion precedent to the small business corporation exemption when a taxpayer has failed to file any tax return at all. Acknowledging the court's holding in *Caylor–Nickel*, 569 N.E.2d at 765, of the timely filing Form IT–20SC not being a condition precedent for receiving the small business corporation exemption, the Department asserts that there are instances when a timely filing is required. The Department argues that Hammond's failure to file any tax return at all for the years in issue until it was audited by the Department, prevents Hammond from claiming the small business corporation exemption. The taxpayer claiming the small business corporation exemption from state gross income tax has the burden of showing that the terms of the exemption statute are met. *Caylor–Nickel*, 569 N.E.2d at 767.

IC 6–2.1–3–24.5(a) defines a "small business corporation" as a corporation which meets the requirements of Section 1361(b) of the Internal Revenue Code. IC 6–2.1–3–24.5(b) provides that "[e]xcept as provided in subsection (c), gross income received by a small business corporation is exempt from gross income tax." The exception denies exemption if twenty-five percent (25%) or more of the corporation's gross income is considered passive investment income. IC 6–2.1–3–24.5(c). Hammond meets the criteria of IC 6–2.1–3–24.5, thus qualifying as a "small business corporation" for the years in issue, as the Department rightfully stipulated.

In *Caylor–Nickel*, this court and the Indiana Supreme Court held that the small business corporation exemption provided by IC 6–2.1–3–24.5 is not an "election," the timely filing of Form IT–20SC is not a condition precedent to claiming the exemption, a taxpayer's failure to timely file Form IT–20SC does not waive the exemption, and the exemption is not conditioned upon meeting the annual reporting requirements.[1] *Caylor–Nickel*, 569 N.E.2d at 770. Caylor–Nickel, a small business corporation, filed Form IT–20SC properly for a number of years, then filed late in a subsequent year. In a case handed down contemporaneously with the case at bar, the court resolves whether waiver occurs when a small business corporation wrongly files Form IT–20, rather than Form IT–20SC. *Lubricant Consultants, Inc. v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 621 N.E.2d 677. In *Lubricant Consultants*, the court rejects the Department's assertion that filing the wrong form acts as a waiver of the small business corporation exemption. The penalty for failing to claim the small business corporation exemption by filing Form IT–20SC is not waiver of the exemption. *Id.* at 679.

■ Form IT–20SC is an information return for gross income tax purposes, and the penalty for failing to timely file that form pursuant to IND.CODE 6–8.1–10–6 is ten dollars, not forfeiture of the exemption. *Caylor–Nickel*, 569 N.E.2d at 770–72. Furthermore, the legislature set the requirements and did not expressly require compliance with IC 6–2.1–3–24.5(d) as a condition to qualify for the small business corporation exemption. Nor did it prescribe waiver as the penalty for the corporation's failure to timely file Form IT–20SC. *Id.* at 770.

> The legislature is the appropriate body to amend the small business corporation exemption statute to exclude taxpayers failing to timely file from the exemption provision. Absent change in the statute, however, the timely filing of Form IT–20SC is not a condition precedent to claiming the small business corporation exemption and will not waive its availability.

*Lubricant Consultants Inc.*, at 679.

Hammond timely filed its claim for refund of the amounts paid under Indiana gross income tax assessment from which Hammond is exempt due to the small business corporation exemption. *See* IC 6–8.1–

---

**1.** The annual reporting requirement has been amended so that the reporting requirement now arises only upon request by the Department. *See* I.C. 6–2.1–3–24.5(d).

9–1(a). The small business corporation exemption is a statutory exemption reliant only on the statutory status qualifications. The small business corporation exemption is properly applicable to Hammond. The Department's final determination therefore is REVERSED and the Court GRANTS Hammond's motion for summary judgment.