**LUBRICANT CONSULTANTS, INC., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9209–TA–00077.

Tax Court of Indiana.

Sept. 21, 1993.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

The Petitioner, Lubricant Consultants, Inc. (Lubricant), appeals the final determination of the Respondent, Indiana Department of State Revenue (the Department), denying Lubricant's status as a small business corporation for fiscal years 1985, 1986, and 1987. Lubricant seeks a refund of $39,712 plus interest.

## FACTS

Lubricant, a New Jersey corporation, is a consulting firm involved in the maintenance of equipment and the use of lubricants. It operates on a fiscal year ending August 31. Lubricant filed a Form IT–20 for the fiscal years ending in 1985, 1986, and 1987. After an audit of the fiscal years ending in 1985 and 1986, the Department denied Lubricant's originally requested interstate commerce exemption and assessed gross income tax. Lubricant filed its protest on April 17, 1989, and later supplemented it with the small business corporation exemption. The Department held a protest hearing and denied Lubricant's protest. Lubricant paid the assessments for the fiscal years ending 1985 and 1986 on November 28, 1989, and paid the assessment for the fiscal year ending in 1987 on July 13, 1990. On July 2, 1990, Lubricant filed its amended Forms IT–20SC. On November 27, 1991, Lubricant filed a claim for refund, Form IT–843, for the fiscal years ending in 1985 and 1986. The Department held a hearing and denied Lubricant's claim for refund of the tax and interest, but waived the penalty. Lubricant then filed an original tax appeal. Additional facts will be supplied as necessary.[1]

## ISSUES

The parties filed cross motions for summary judgment asserting multiple issues which the court consolidates as:

I. Whether the filing of Form IT–20 rather than IT–20SC acts as a waiver of the "small business corporation" exemption.

II. Whether Lubricant timely filed its claim for refund requesting the "small business corporation" exemption.

## DISCUSSION AND DECISION

At the outset, the court reiterates the familiar standard of review for summary judgment decisions. Cross motions for summary judgment do not alter the standard for granting summary judgment. *Caylor–Nickel Clinic, P.C. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 569 N.E.2d 765, 766, *aff'd* (1992), Ind., 587 N.E.2d 1311; Ind.Trial Rule 56(C). Each motion must be considered separately to determine whether there is a genuine issue of material fact. *Caylor–Nickel,* 569 N.E.2d at 766. "Each party to a summary judgment motion must designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." *Fort Wayne National Corp. v. Indiana Dep't of State Revenue* (1993), 621 N.E.2d 668, 670 (quoting *Rosi v. Business Furniture Corp.* (1993), Ind. 615 N.E.2d 431, 434). If after reviewing the designated evidentiary materials the court determines no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment if so entitled as a matter of law. *C & C Oil Co. v. Indiana Dep't of State Revenue* (1991), Ind.Tax, 570 N.E.2d 1376, 1378 (citing *Indianapolis Pub. Transp. Corp. v. Indiana Dep't of State Revenue* (1987), Ind.Tax, 512 N.E.2d 906, 907 *aff'd* (1990), Ind., 550 N.E.2d 1277).

This court must decide two critical issues. First, whether the filing of Form IT–20 waives the small business corporation exemption. Second, whether the statute of limitations for the filing of Form IT–20SC and a claim for refund run contemporaneously with the statute of limitations for the assessment of taxes by the Department.

### I.

◼ The Department asserts that Lubricant waived the small business corporation exemption from gross income tax allowed under IND.CODE 6–2.1–3–24.5 for the fiscal years ending in 1985, 1986, and 1987 when it filed Form IT–20 rather than Form IT–20SC. Indiana follows the definition of "small business corporation" in Section

---

**1.** Lubricant Consultants originally sought the refund of gross income tax for the fiscal year ending in 1984, but concedes the small business corporation exemption is inapplicable to years beginning prior to December 31, 1983. *See* P.L. 1983–78, § 2.

1361(b) of the Internal Revenue Code. IC 6–2.1–3–24.5(a). Gross income received by a small business corporation is exempt from gross income tax unless 25 percent or more of the corporation's gross income is considered passive investment income. IC 6–2.1–3–24.5(b) and (c). Subsections (a), (b), and (c) specify qualifications for a small business corporation exemption while subsection (d) provides the filing requirement. *Caylor–Nickel,* 569 N.E.2d at 768. The taxpayer claiming the exemption has the burden of showing that the terms of the exemption statute are met. *Id.* at 770 (citing IC 6–2.1–3–24.5(d)). As the Department rightly concedes, Lubricant qualified as a small business corporation for 1985, 1986, and 1987. The dispute is over the meaning of subsection (d), which during the years in issue provided:

> Any corporation that claims an exemption under this section shall annually provide the department with proof that it is a small business corporation. The corporation must provide that proof on or before the due date of its gross income tax return (including any extensions granted by the department).

IC 6–2.1–3–24.5(d).

■ The small business corporation exemption is not an election nor is it expressly conditioned on the timely filing of Form IT–20SC.[2] *Caylor–Nickel,* 569 N.E.2d at 770. In *Caylor–Nickel,* a small business corporation timely and properly filed Form IT–20SC for a number of years, then in a subsequent year it filed Form IT–20SC late. In a case handed down contemporaneously with the case at bar, the court resolves the issue of whether a small business corporation's failure to file any tax reporting form until audited by the Department bars its entitlement of the small business corporation exemption by filing Form IT–20SC late. *Hammond Constr. Co.,*

*Inc. v. Indiana Dep't of State Revenue* (1993), 620 N.E.2d 761. The failure to file any tax reporting form for a year will not impose a penalty of waiver of the small business corporation exemption. *Id.* 620 N.E.2d at 763.

The legislature established the requirements for qualification of the small business corporation exemption and in doing so did not expressly provide for waiver as the penalty for failing to timely file Form IT–20SC. Rather, the legislature provided a ten dollar penalty for failing to file Form IT–20SC, which is an information return. *Caylor–Nickel,* 569 N.E.2d at 772. *See* IND. CODE 6–8.1–10–6.[3] The legislature is the appropriate body to amend the small business corporation exemption statute to exclude taxpayers failing to timely file from the exemption provision. Absent change in the statute, however, the timely filing of Form IT–20SC is not a condition precedent to claiming the small business corporation exemption and will not waive its availability.

## II.

■ The Department asserts that while the timely filing of Form IT–20SC may not be a condition precedent to the small business corporation exemption, a time limitation exists in which to file Form IT–20SC. In appeals of claims for refund from the Department, "[t]he tax court shall hear the appeal *de novo....*" IND. CODE 6–8.1–9–1(d). When this court hears appeals de novo, its scope of review extends beyond issues argued at the administrative level: all admissible evidence may be presented for the first time before the court. *See* IC 6–8.1–9–1(d); *Hoosier Energy Rural Electric Coop., Inc. v. Indiana Dep't of State Revenue* (1988), Ind.Tax, 528 N.E.2d 867, 869, *aff'd* (1991), Ind., 572 N.E.2d 481, *cert. denied* —— U.S. ——, 112 S.Ct. 337, 116

---

**2.** The annual reporting requirement has been amended so that the reporting requirement now arises only upon request by the Department. *See* I.C. 6–2.1–3–24.5(d).

**3.** Under IC 6–8.1–10–2.1(g), "a small business corporation [that] does not file a corporate income tax return on or before the due date of the corporate income tax return ... shall pay a penalty equal to ten percent of the corporation's adjusted gross income tax and supplemental net income tax...." Lubricant is not liable for these penalties because they are effective only after April 23, 1991, after the years in issue. P.L.1991–1, § 70.

L.Ed.2d 277. Although the timely filing of Form IT–20SC is not a condition precedent to claiming the small business corporation exemption, *Caylor–Nickel,* 569 N.E.2d at 770, the Department, nonetheless, contends that when the taxpayer files a Form IT–20SC beyond the deadline for assessment of taxes by the Department, the claim should be barred. Under IND.CODE 6–8.1–5–2, the Department may not issue a proposed assessment more than three (3) years after the latest of the date the return is filed or the due date of the return. The court is not restricted by administrative boundaries in the evidence that it hears and it will not change the boundaries established by the legislature for the assessment of taxes. Therefore, the court must look to the legislature in determining these limitations.

Statutory language is deemed intentionally chosen by the legislature to give effect to the meaning of an act. *Bienz v. State* (1933) [1934], 206 Ind. 482, 484, 190 N.E. 170, 171. The court may not expand or contradict the meaning of a statute by reading into it language to correct supposed omissions or defects. *Smiley v. State Dep't of Revenue* (1981), Ind. App., 416 N.E.2d 855, 856 (citing *Grody v. State* (1972), 257 Ind. 651, 278 N.E.2d 280). The court may not invade the domain of the legislature, *Department of State Revenue v. Crown Development Co.* (1952), 231 Ind. 449, 462, 109 N.E.2d 426, 431, nor 'substitute language which it feels the legislature may have intended.' *Indiana Dep't of State Revenue v. Estate of Smith* (1984), Ind.App., 460 N.E.2d 1263, 1265 (citing *State ex rel. S.*

*Hills Mental Health Center, Inc. v. Dubois County* (1983), Ind.App., 446 N.E.2d 996, 1001; *Brighton v. Schoffstall* (1980), Ind.App., 401 N.E.2d 84, 86).

*Caylor–Nickel,* 569 N.E.2d at 769. If the legislature intended for the period for filing Form IT–20SC to run with the IC 6–8.1–5–2 limitation for assessment by the Department, it could have expressly provided the same limitation. The legislature provided, however, no additional qualifications or time barriers for filing Form IT–20SC. While a limitation for the filing of Form IT–20SC does not exist, a limitation to granting claims for refund by the Department does exist. Under IC 6–8.1–9–1(a), a taxpayer may file a claim for refund within three years after the latter of the due date of the return or the date of payment. Lubricant has properly filed its claims for refund within the alloted time period and is thus entitled to a refund.

### CONCLUSION

Lubricant timely filed Form IT–20SC and its Claim for Refund. Therefore, the Court GRANTS Lubricant's motion for summary judgment and DENIES the Department's motion for summary judgment. The Department's final determination is REVERSED.