(October 30, 1989)

■ BETHPAGE WATER DISTRICT, Respondent, v S. ZARA & SONS CONTRACTING CO., INC., Defendant, and CONTINENTAL NATIONAL ASSURANCE CO., Also Known as CNA, Appellant.—In an action for a judgment declaring that the Continental National Assurance Co. is entitled to only one deductible under its insurance policies with S. Zara & Sons Contracting Co., Inc., with respect to the total damages which may be awarded to the Bethpage Water District in its action against S. Zara & Sons Contracting Co., Inc., Continental National Assurance Co. appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Collins, J.), entered December 9, 1988, which granted the motion of the Bethpage Water District for summary judgment, denied its cross motion for summary judgment, and made the requested declaration.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In January 1978 the County of Nassau and the defendant S. Zara & Sons Contracting Co. (hereinafter Zara) entered into a contract for the construction of a sewer system in the Bethpage Water District (hereinafter Bethpage). While performing the work from 1978 through 1980, Zara was insured under a comprehensive general liability policy issued by Continental National Assurance Co. (hereinafter CNA). Bethpage commenced an action to recover property damage against Zara

alleging that it caused damage to portions of its water mains in more than 250 areas as a result of negligent backfilling of the sewer trenches.

Bethpage subsequently commenced this declaratory judgment action against Zara and CNA seeking a declaration that the damages caused by the backfilling were the result of a single occurrence, rather than separate occurrences which, under the policy, were subject only to a single deductible rather than separate deductibles for each item of damage.

Under the terms of the policy, a deductible was to be paid on a "per claim" basis. The policy provides as follows: "the deductible amount applies * * * to all damages because of bodily injury sustained by one person, or to all property damage sustained by one person or organization, as the result of any one occurrence". Furthermore, in the words of the policy, "[f]or the purpose of determinating the limit of the company's liability, all * * * property damage arising out of continuous or repeated exposure to substantially the same general conditions shall be considered as arising out of one occurrence".

In the case at bar, although the water mains of Bethpage suffered over 250 items of damage, it is clear that these damages arose out of "continuous or repeated exposure to substantially the same general conditions", i.e., the negligence of Zara in the construction of a single sewer system backfilling the sewer trenches. Thus, the court correctly construed the deductible clause as mandating the payment of only a single deductible by Zara (see, Uniroyal, Inc. v Home Ins. Co., 707 F Supp 1368; Michaels v Mutual Mar. Off., 472 F Supp 26; Gruol Constr. Co. v Insurance Co., 11 Wash App 632, 524 P2d 427; see also, National Cas. Ins. Co. v City of Mount Vernon, 128 AD2d 332). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.