INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Respondent below),

v.

CAYLOR–NICKEL CLINIC, P.C., Appellee (Petitioner below).

No. 49S00–9107–TA–594.

Supreme Court of Indiana.

March 6, 1992.

Linley E. Pearson, Atty. Gen., Jane E. Griffin, Deputy Atty. Gen., Indianapolis, for appellant.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, for appellee.

DICKSON, Justice.

Appellant Indiana Department of State Revenue (Department) appeals from a summary judgment granted by the Indiana Tax Court in favor of appellee Caylor–Nickel Clinic, P.C. *Caylor–Nickel Clinic v. Dep't of State Revenue* (1991), Ind. Tax, 569 N.E.2d 765. We affirm.

In its appeal to this Court, the Department reasserts two arguments: 1) that the timely filing of Form IT–20SC is a condition precedent to claiming the small business corporation gross income tax exemption under Ind.Code § 6–2.1–3–24.5; and 2) that the Indiana Special Corporation Income Tax Return, Form IT–20SC, is not an information return as defined by 45 IAC 15–11–6 subject only to the penalty contemplated under Ind.Code § 6–8.1–10–6.

Caylor–Nickel has determined its tax liability on a fiscal year basis, beginning May 1 and ending April 30. For its tax years ending in 1985, 1986, 1988, and 1989, Caylor–Nickel qualified for the small business corporation tax return on or before August 15 of each year. For 1987, however, Caylor–Nickel filed its federal corporation income tax return and its Indiana Special Corporation Income Tax Return, IT–20SC, on January 15, 1988. Caylor–Nickel had not previously filed state or federal returns for the fiscal year ending in 1987, and it did not obtain extensions of time to file the 1987 returns.

On July 19, 1988, the Department issued a Notice of Tax Due in the amount of $133,592.12 for unpaid 1987 Indiana gross income tax, interest, and penalties. The Department asserted that Caylor–Nickel waived the small business corporation exemption provided for by Ind.Code § 6–2.1–3–24.5 for the 1987 fiscal year because it failed to file either Form IT–20SC or an extension of time to file by August 15, 1987. Following a hearing on Caylor–Nickel's protest, the Department issued a Letter of Findings denying the protest as to the tax and interest but waiving the penalties. The Department then denied rehearing and issued a Notice of Assessment of gross income tax and interest in the amount of $136,980.57.

Caylor–Nickel commenced an appeal in the Indiana Tax Court and petitioned to enjoin collection. An agreed order was entered enjoining the Department's collection of the tax and interest for the 1987 fiscal year pending resolution of the appeal. Both parties filed motions for summary judgment, but neither asserted the existence of any genuine issue of material fact. Granting Caylor–Nickel's motion, the Tax Court determined that the timely filing of Form IT–20SC was not a condition precedent for claiming the small business corporation income tax exemption, and that the form was an "information return" for which there was only a $10.00 penalty for untimely filing. The Department seeks our review, reversal, and entry of summary judgment in its favor.

■■■ This summary judgment, as all trial court judgments, enters the process of

appellate review clothed with a presumption of validity. The party appealing from the grant of summary judgment must persuade the appellate tribunal that the judgment erroneously determined "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Thus, the reviewing appellate court faces the same issues that were before the trial court and follows the same process, *Burke v. Capello* (1988), Ind., 520 N.E.2d 439; *Brandon v. State* (1976), 264 Ind. 177, 340 N.E.2d 756. The trial court's determination must be "carefully scrutinized on appeal" to assure that the non-prevailing party is not improperly prevented from having his day in court. *Ayres v. Indian Heights Vol. Fire Dep't* (1986), Ind., 493 N.E.2d 1229, 1234.

As to summary judgments entered by the Tax Court, however, we will utilize a limited departure from this standard of appellate review. When the summary judgment involves a question of law within the particular purview of the Tax Court, cautious deference is appropriate. The Indiana Tax Court was established to develop and apply specialized expertise in the prompt, fair, and uniform resolution of state tax cases. Thus upon issues of tax law, we will apply Indiana Tax Court Rule 10 which provides that "[t]he Court on appeal shall not set aside the findings or judgment of the Tax Court unless clearly erroneous." *USAir, Inc. v. Dep't of State Revenue* (1991), Ind., 582 N.E.2d 777.

Presenting essentially the same reasoning as it did before the Tax Court, the Department here contends that Ind. Code § 6–2.1–3–24.5 provides the necessary elements and procedural requirements for the income of a small business corporation to be exempt from gross income tax, and that subsection (d) is not merely a filing requirement but rather is a prerequisite to claiming the exemption. It urges application of various rules of statutory construc-

tion, emphasizing that tax exemptions are not favored, that statutes permitting tax exempt status should be strictly construed, and that a person claiming an exemption has the burden to establish entitlement. The Department advocates a panoramic view of the entire tax statute, seeks consideration of the impact of statutory amendments made after the events at issue in this case as evidence of prior legislative intention, and disputes the role of Form IT–20SC as an information return.

Subsection (d) provides:

(d) Any corporation that claims an exemption under this section shall annually provide the Department with proof that it is a small business corporation. The corporation must provide that proof on or before the due date of its gross income tax return (including any extensions granted by the Department).

Ind.Code § 6–2.1–3–24.5(d) (amended 1990[1], for taxable years beginning after December 31, 1988).

Addressing the Department's contentions, the Tax Court formulated its decision utilizing principles of statutory construction in interpreting tax statutes and regulations. The Department's briefs to this Court do not persuade us that the decision of the Tax Court was erroneous.

We find that the Tax Court properly granted Caylor–Nickel's motion for summary judgment and the exemption provided in Ind.Code § 6–2.1–3–24.5. The judgment of the Tax Court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and KRAHULIK, JJ., concur.

---

1. As amended, subsection (d) provides: "Upon request of the department, a corporation that claims an exemption under this section shall provide the department with proof, on forms provided by the department, that the corporation was a small business corporation during the taxable year for which the exemption is claimed." Ind.Publ.L. 55–1990.