**MUNCIE HUMAN RIGHTS COMMISSION, Appellant–Plaintiff,**

v.

**James P. CAREY, Mayor of the City of Muncie; American Federation of State, County and Municipal Employees and Council 62, AFSCME Local # 3656; Clarence Deitsch, As Arbitrator; and Raushanah Shabazz, Appellees–Defendants.**

**No. 05A02–9403–CV–142.[1]**

Court of Appeals of Indiana, First District.

Aug. 29, 1994.

---

1. This case was transferred to this office on July 25, 1994, by direction of the Chief Judge.

John H. Brooke, Casey D. Cloyd, McClellan McClellan Brooke & Arnold, Muncie, for appellant.

Fred O. Towe, Fillenwarth Dennerline Groth & Towe, Indianapolis, for appellees.

ROBERTSON, Judge.

Plaintiff–Appellant, Muncie Human Rights Commission [MHRC] appeals the summary judgment entered against it in favor of a group of Defendants–Appellees primarily represented by AFSCME, the American Federation of State, County and Municipal Employees [Union]. MHRC brought the present lawsuit seeking injunctive and declaratory relief to the effect that it is not subject to the collective bargaining agreement between the City of Muncie [City] and the Union, and therefore, Raushanah Shabazz, a former secretary of the MHRC who had been discharged, should not be permitted to avail herself of the grievance procedures available to municipal employees under the collective bargaining agreement. MHRC raises two issues, neither of which constitutes reversible error.

## FACTS

The facts in the light most favorable to nonmovant MHRC indicate that the MHRC was originally created in 1978 by an ordinance passed by the City. On October 26, 1989, this ordinance was repealed by a new City ordinance which reconstituted the MHRC under Ind.Code 36–4–9–4 and I.C. 22–9–1–12.1. Under the City ordinances, as well as I.C. 22–9–1–12.1(c)(10), the MHRC is an administrative entity of the City and is empowered to employ an executive director, an investigator, and a secretary. The maximum salaries of these MHRC employees are set by yet another City ordinance.

On March 13, 1989, the City enacted an ordinance which permitted collective bargain-

ing for all City employees except policemen, firemen, confidential, supervisory and exempt employees. On February 1, 1990, the Indiana Department of Labor conducted a consent election for the eligible full-time municipal employees of the City to select their collective bargaining representative. Raushanah Shabazz was one of the City employees on the list of eligible voters. AFSCME was selected by the City employees as their collective bargaining representative. Thereafter, the City and AFSCME negotiated a collective bargaining agreement with effective dates of July 25, 1990 through December 31, 1992.

MHRC terminated Shabazz on February 22, 1991. Shabazz filed a grievance against the City as provided under the collective bargaining agreement. MHRC filed the present action and obtained a temporary restraining order prohibiting the Union from conducting any further proceedings with respect to Shabazz's grievance. The Union obtained summary judgment; the trial court ordered the parties to resume the grievance proceedings. This appeal ensued.

Additional facts are supplied as necessary.

## DECISION

■ On appeal from the grant of summary judgment, we use the same standard in ascertaining the propriety of summary judgment as does the trial court. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26, 28. Summary judgment is appropriate and "shall be rendered forthwith if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind.Trial Rule 56(C). Any doubt about the existence of a fact or the reasonable inference to be drawn from it must be resolved in favor of the non-moving party. *Allied Resin Corporation v. Waltz* (1991), Ind., 574 N.E.2d 913.

■ On appeal, however, the party which lost in the trial court has the burden to persuade the appellate tribunal that the trial court's decision was erroneous. *Ind. Department of Revenue v. Caylor–Nickel Clinic*

(1992), Ind., 587 N.E.2d 1311, 1313. Our proper role includes the careful scrutiny of the trial court's determination to assure that the non-prevailing party is not improperly prevented from having his day in court. *Id.*

Indiana Trial Rule 56(C) provides that, at the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. A party opposing the motion shall also designate to the court each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto. *Id.* No judgment rendered on the motion shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. T.R. 56(H).

### I.

Whether there is a genuine issue of material fact regarding whether Shabazz is a "confidential" employee and therefore exempt from the collective bargaining ordinance?

■ The City collective bargaining ordinance provides that it would apply:

> to all municipal employees of the City of Muncie, *except confidential,* supervisory, and exempt *employees,* and those employees currently covered by separate ordinances and/or agreements.

(Emphasis added). The MHRC argues that, even if it were subject to the collective bargaining agreement, Shabazz's status as a confidential employee exempted her from the application of the agreement.

The collective bargaining ordinance defines a "confidential" employee as follows:

> any employee whose unrestricted access to confidential personnel files or whose functional responsibilities or knowledge in connection with the issues involved in dealings between the employer and its employees would make her/his membership in an employee organization incompatible with official duties.

The collective bargaining agreement defines "confidential" employee as any employee who works in a close continuing relationship with elected officials.

In its materials submitted in opposition to summary judgment, the MHRC argued extensively that Shabazz was a confidential employee because she had access to all the confidential reports and other materials related to the claims of discrimination made to the MHRC. Apparently in recognition that access to this type of confidential material does not cause Shabazz to be a "confidential" employee under the definition in the ordinance, MHRC asserts, essentially for the first time on appeal, that Shabazz was a confidential employee because she had access to the confidential records of the employees of the MHRC. In support of this contention, MHRC relies on one line of the affidavit submitted by the MHRC's executive director which reads as follows:

> That as the secretary/receptionist, Ms. Shabazz had access to all reports, papers, investigations and other confidential material of the Commission.

MHRC argues that "all . . . confidential material" includes the MHRC employee records and creates a genuine issue of material fact regarding whether Shabazz was a "confidential" employee under the ordinance.

Even assuming this argument has survived procedural default, that Shabazz may have had unrestricted access to MHRC personnel files does not, standing alone, make her a "confidential" employee because there is no evidence that her access to these confidential personnel files made her membership in an employee organization incompatible with her official duties as required under the ordinance for her to qualify as an exempt "confidential" employee. The case of *N.L.R.B. v. Hendricks County Rural Electric Membership Corporation* (1981), 454 U.S. 170, 102 S.Ct. 216, 70 L.Ed.2d 323, is instructive even though it involved the exclusion of "confidential" employees under the National Labor Relations Act and not the specific City ordinance under scrutiny in the present case. In *N.L.R.B. v. Hendricks County,* the United States Supreme Court held there was a reasonable basis in law for excluding from collective bargaining units those "confidential" employees with a "labor-nexus." The Court rejected the claim that all employees with access to their employer's confidential information were to be excluded from collective bargaining units as "confidential" employees. The Court described the evolvement of the "labor-nexus" test/definition of "confidential" employee over time and noted that, early on, a narrow definition was applied as follows:

> the term "confidential" [embraces] only those employees who assist and act in a confidential capacity to persons who formulate, determine, and effectuate management policies in the field of labor relations,

454 U.S. at 189, 190, 102 S.Ct. at 228, 229 (Citations omitted). Then, later on, the definition was expanded to include, in addition to the employees described above, those:

> persons who, although not assisting persons exercising managerial functions in the labor-relations area, 'regularly have access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations.'

*Id.*

In the affidavit submitted by the executive director of the MHRC, as well as in Shabazz's official job description, the only duties Shabazz had that related to MHRC personnel were to maintain the payroll schedule, and to prepare and distribute new time cards for each pay period. We conclude that, as a matter of law, there is an insufficient nexus between Shabazz's alleged unrestricted access to confidential personnel information and her role in assisting persons in the formulation, determination, and effectuation of management policies in the field of labor relations and/or in the collective bargaining process. We hold, as a matter of law, that Shabazz's alleged unrestricted access to MHRC confidential personnel files was not incompatible with her membership in an employee organization so as to make her a "confidential" employee under the collective bargaining ordinance. Thus, MHRC has not met its burden on appeal to persuade this court that the trial court's entry of summary judgment was erroneous and we find no error.

## II.

Whether there is a genuine issue of material fact regarding whether the MHRC was an administrative unit of the City subject to the collective bargaining agreement?

 As stated above, the City collective bargaining ordinance provides that it would apply:

> to all municipal employees of the City of Muncie, *except* confidential, supervisory, and exempt employees, and *those employees currently covered by separate ordinances and/or agreements.*

(Emphasis added). "[M]unicipal employee" is defined under the ordinance as:

> a person who works for the City of Muncie, [its] departments or districts, consistent with the laws of the State of Indiana; in a position with no predetermined termination date, except persons excluded herein.

MHRC points out that it was created by an ordinance; and argues, therefore, that its employees are covered by a separate ordinance and are not subject to a collective bargaining agreement entered into by the City under the collective bargaining ordinance. Frankly, we find this argument to be specious.

Under Indiana law, all city agencies and departments are created by ordinance. I.C. 36-4-9-4. Therefore, to accept MHRC's argument, since all City agencies and administrative departments are created by ordinance, then all City agencies and departments would be exempt from the collective bargaining ordinance and the collective bargaining ordinance would be a nullity. The exemption in the ordinance for "employees currently covered by separate ordinances and/or agreements" must refer to employees covered by separate collective bargaining ordinances or agreements.

Whether the MHRC likes it or not, it is an administrative agency of the City. Since the City did not exclude the MHRC from the application of the collective bargaining ordinance, the MHRC is bound by the collective bargaining agreement entered into between the City and the Union. Therefore, the trial court correctly granted summary judgment and ordered the parties to resume the grievance proceedings.

Judgment affirmed.

NAJAM and SHARPNACK, JJ., concur.