INDIANA C.A.P. DIRECTORS ASSOCI-
ATION, now known as the Indiana
Community Action Association, Inc.,
Petitioner,

v.

DEPARTMENT OF LOCAL GOVERN-
MENT FINANCE,[1] Respondent.

No. 49T10–0004–TA–36.

Tax Court of Indiana.

Oct. 15, 2003.

---

**1.** The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, the legislature abolished the State Board as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), *see* Indiana Code § 6–1.1–30–1.1 (West Supp.2001)(eff. 1–1–02); 2001 Ind. Acts 198 § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp.2001)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp.2001)(eff. 1–1–02); 2001 Ind. Acts 198 § 95. Nevertheless, the law in effect prior to January 1, 2002 applies to these appeals. I.C. 6–1.5–5–8. *See also* 2001 Ind. Acts 198 § 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Timothy E. Peterson, Attorney at Law, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Laureanne Nordstrom, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

Indiana C.A.P. Directors Association (now known as The Indiana Community Action Association, Inc.) (CAP) challenges the State Board of Tax Commissioners' (State Board) final determination which denied CAP a property tax exemption for the 1998 tax year. The matter is currently before this Court on the State Board's motion for summary judgment, in which it raises the following issue: whether CAP's failure to timely file an application for property tax exemption renders CAP's application void. For the following reasons, the Court GRANTS the State Board's motion.

## FACTS AND PROCEDURAL HISTORY

On August 25, 1998, CAP, a non-profit organization, acquired property located in Indianapolis, Indiana. As the new property owner, CAP filed a Form 136 Application for Property Tax Exemption (application) for the 1998 tax year on April 28, 1999. The Marion County Property Tax Assessment Board of Appeals (PTABOA) denied the application, stating that CAP's use of its land and improvements did not qualify as an "educational, literary, scientific, religious, or charitable purpose" pursuant to Indiana Code § 6-1.1-10-16. Consequently, CAP appealed the PTABOA's decision to the State Board. The State Board held a hearing on January 13, 2000, at which time it ascertained that CAP's application was not timely filed. Accordingly, the State Board held that the application was invalid and therefore did not determine the issue of whether CAP qualified for the exemption under Indiana Code § 6-1.1-10-16.

On April 7, 2000, CAP initiated an original tax appeal. The State Board subsequently filed a motion for summary judgment on December 1, 2000. This Court held a hearing on the State Board's motion on April 6, 2001. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

A motion for summary judgment will be granted only when there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Encyclopaedia Britannica, Inc. v. State Bd. of Tax Comm'rs*, 663 N.E.2d 1230, 1232 (Ind.Tax.Ct.1996) (internal quotation marks omitted).

### Discussion

The Indiana property tax exemption application process is set forth in

Indiana Code § 6–1.1–11–3(a). It provides:

> The owner of tangible property who wishes to obtain an exemption from property taxation shall file a certified application in duplicate with the auditor of the county in which the property is located. The application must be filed annually on or before May 15 on forms prescribed by the state board of tax commissioners.... [T]he application applies only for the taxes imposed for the year for which the application is filed.

IND.CODE § 6–1.1–11–3(a). In turn, Indiana Code § 6–1.1–11–3.5(a) provides:

> A not-for-profit corporation that seeks an exemption ... for 1988 or for a year that follows 1988 by a multiple of four (4) years must file an application for the exemption in that year. However, if a not-for-profit corporation seeks an exemption ... for a year not specified in this subsection and the corporation did not receive the exemption for the preceding year, *the corporation must file an application for the exemption in the year for which the exemption is sought.* The not-for-profit corporation must file each exemption application in the manner (other than the requirement for filing annually) prescribed in section 3 of this chapter.

IND.CODE § 6–1.1–11–3.5(a) (emphasis added). Thus, under the plain meaning of these statutes, when a non-profit taxpayer like CAP sought an exemption for the 1998 tax year (having not received the exemption the year before), it was required to file the application by May 15, 1998.

Despite the unambiguous language of these statutes, CAP purports a different interpretation. More specifically, CAP argues that the language *"the corporation must file an application for the exemption in the year for which the exemption is sought"* as contained in INDIANA CODE § 6–1.1–11–3.5(a) means the application must be filed in the year the property taxes are due. Consequently, because Indiana property taxes are paid a year in arrears, CAP maintains that it had until May 15, 1999, to file its application. CAP is mistaken.

The foremost goal of statutory construction is to determine and give effect to the true intent of the legislature. *Caylor-Nickel Clinic, P.C. v. Indiana Dep't of State Revenue,* 569 N.E.2d 765, 768 (Ind. Tax.Ct.1991) (citations omitted), *aff'd,* 587 N.E.2d 1311 (Ind.1992). To determine the legislature's intent, the words of a statute must be read in their plain, ordinary, and usual sense. *Id.* Likewise, Indiana Code 6–1.1–11–3.5(a) should be construed in the proper context (i.e., within the context of Indiana's property tax assessment/payment scheme). *See id.*

In Indiana, real property is assessed as of every March 1st. *See* IND.CODE § 6–1.1–4–4. However, property taxes are paid in arrears; thus, taxes on property assessed as of March 1st are paid in two installments, May 10th and November 10th of the following year. *See* IND.CODE § 6–1.1–22–9(a). Before the May 10th due date, a taxpayer receives a tax bill from its county treasurer. *See* IND.CODE § 6–1.1–22–8. The tax bill indicates the amount of property taxes due—taking into account all exemptions and deductions the taxpayer is entitled to receive.

If taxpayers file an application for exemption in the year the taxes are due, as CAP contends, they would be applying for tax exemptions after the tax had already been calculated and the tax notices sent. The tax notices, as issued, would then be incorrect. Thus, the Court reads the statutes as requiring the application to be filed in the year the property was assessed. In this way, the tax can be calculated—accounting for the exemption—and notice

can be sent out prior to the first installment payment due date.

CAP, not having received a tax exemption for the previous year, filed its application seeking a tax exemption for the 1998 tax year on April 28, 1999. CAP was required to file its application by May 15, 1998. As a result, CAP's exemption application was properly denied.

 In the alternative, CAP asserts that the PTABOA waived the timeliness issue when it denied the application on its merits. Accordingly, CAP contends it was denied due process when the issue of timeliness was raised *sua sponte* by the State Board at its administrative hearing. When a taxpayer petitions the State Board to review an assessment via a Form 131, the State Board may address and correct all errors, even those *not* raised in the taxpayer's petition. *Canal Realty–Indy Castor v. State Bd. of Tax Comm'rs,* 744 N.E.2d 597, 604 (Ind.Tax.Ct.2001) (citations omitted) (emphasis added). Thus, the State Board was within its authority to raise the issue of CAP's timeliness at the hearing.

If the State Board does address an error not originally raised by the taxpayer, due process requires that the taxpayer be given an opportunity to review and rebut the State Board's disposition of that issue. *Id.* Often times, it is not practical for the State Board to conduct another hearing; therefore, the taxpayer must be afforded an opportunity to respond to the State Board in this Court. *See Wirth v. State Bd. of Tax Comm'rs,* 613 N.E.2d 874, 879 (Ind.Tax.Ct.1993). In the instant case, CAP was given an opportunity to fully address the issue of timeliness before this Court; consequently, its due process rights were not violated. *See id.*

## CONCLUSION

For the aforementioned reasons, the Court GRANTS the State Board's motion for summary judgment.