## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 25 2015, 8:55 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS

Andrew J. Thompson
Richard W. Barrett
Thompson Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Neal Bailen
Bruce Paul
Stites & Harbison PLLC
Jeffersonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gary Pennington and Sherry Pennington,

*Appellants-Defendants,*

v.

U.S. Bank National Association, as Trustee for Master Asset Backed Securities Trust 2005-WF1,

*Appellee-Plaintiff.*

November 25, 2015

Court of Appeals Case No. 55A01-1503-MF-114

Appeal from the Morgan County Circuit Court

The Honorable Matthew G. Hanson, Judge

Trial Court Cause No. 55C01-1305-MF-820

**Bradford, Judge.**

## Case Summary

In 2005, Appellants-Defendants Gary and Sherry Pennington ("the Penningtons") obtained a home loan from Homeland Mortgage Company ("Homeland"). The Penningtons executed a mortgage in favor of Mortgage Electornic Registration Systems ("MERS") as nominee for Homeland. Homeland subsequently endorsed the promissory note evidencing the loan ("the Note") to Wells Fargo Bank. The Penningtons defaulted on the loan in 2011. In 2012, the mortgage was assigned to Appellee-Plaintiff U.S. Bank National Association ("U.S. Bank"). U.S. Bank also took possession of the Note endorsed in blank by Wells Fargo. In 2013, U.S. Bank filed a foreclosure action against the Penningtons. Ultimately, the trial court awarded summary judgment in favor of U.S. Bank against the Penningtons. On appeal, the Penningtons argue that there are genuine issues of material fact regarding the propriety of the Note and whether U.S. Bank is the holder of the Note. We affirm.

# Facts and Procedural History

On February 11, 2005, the Penningtons obtained a loan from Homeland to purchase a home in Mooresville, Indiana. To evidence the loan, the Penningtons executed a promissory note ("the Note") in favor of Homeland in the amount of $272,000.00. The Penningtons also executed a mortgage in favor of MERS as nominee for Homeland. The Note was then endorsed to Wells Fargo. The Penningtons ceased making their monthly mortgage payments in November of 2011 and, on January 17, 2012, Wells Fargo sent the Penningtons

notice of their default. The mortgage was assigned to U.S. Bank on March 8, 2012.

[3] U.S. Bank filed a foreclosure action against the Penningtons on May 3, 2013. U.S. Bank's complaint alleged that it was the holder of the Note and the mortgage and so was entitled to enforce the instruments. Included with the complaint was a corporate assignment showing transfer of the mortgage from MERS to U.S. Bank as well as a copy of the Note endorsed in blank by Wells Fargo.

[4] On November 18, 2014, U.S. Bank filed a motion for summary judgment. The Penningtons subsequently requested, and were granted, additional time to respond to the motion in order to complete additional discovery. On January 26, 2015, the Penningtons filed a motion to compel discovery and a motion seeking a second extension of time to respond to U.S. Bank's summary judgment motion. The trial court denied both motions on February 3, 2015. On February 11, 2015, the Pennington's filed a motion requesting a summary judgment hearing which the trial court denied on February 19.

[5] In support of its motion for summary judgment, U.S. Bank submitted an affidavit of Kimberly Ann Mueggenberg, a Vice President of Loan Documentation for Wells Fargo. Mueggenberg avowed that, "according to Wells Fargo's business records, [U.S. Bank], directly or through an agent, has possession of the Promissory Note at issue…. The Promissory Note has been endorsed in blank." Appellants' App. p. 47. Mueggenberg also avowed that

the Penningtons had defaulted on the Note by failing to make monthly payments since November of 2011. U.S. Bank also offered the affidavit of its attorney, Leanne S. Titus, in which Titus avowed that her firm had possession of the original Note, which was endorsed in blank. On February 26, 2015, the trial court granted summary judgment in favor of U.S. Bank.

## Discussion and Decision

[6] The Penningtons raise the following issues on appeal: (1) whether the trial court erred when it admitted Mueggenberg's affidavit and the Note endorsed in blank and (2) whether U.S. Bank produced evidence showing that it is the real party in interest.[1]

## Standard of Review

[7] On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Row v. Holt*, 864 N.E.2d 1011, 1013 (Ind. 2007). "All inferences are to be drawn in favor of the non-moving party." *Id*. The moving party bears the initial burden of proving the absence of a genuine issue of material fact and the appropriateness of

---

[1] In their Statement of Issues, the Penningtons also list the following the issues for review: whether the trial court erred when it denied the Penningtons' motion to compel discovery, and whether the trial court erred when it denied the Penningtons' request for a summary judgment hearing. However, the Penningtons do not mention these issues in their argument section; therefore, we decline to address them.

judgment as a matter of law. *City of Mishawaka v. Kvale*, 810 N.E.2d 1129, 1132 (Ind. Ct. App. 2004). Upon such showing, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Id.*

> On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." [*Indiana Dep't of State Revenue v. Caylor-Nickel Clinic, P.C.*, 587 N.E.2d 1311, 1312-13 (Ind. 1992)]. The appellant bears the burden of proving that the trial court erred in determining that there are no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *Id.*

*Rosi v. Bus. Furniture Corp.*, 615 N.E.2d 431, 434 (Ind. 1993).

# I. Admission of Evidence

[8] The Penningtons claim that the trial court improperly admitted and relied on the version of the Note proffered by U.S. Bank which was endorsed in blank by Wells Fargo. Specifically, the Penningtons claim that because U.S. Bank did not provide specific evidence regarding the transfer of the note by Wells Fargo to U.S. Bank, the Note should have been excluded due to concerns about its trustworthiness pursuant to Indiana Evidence Rule 803(6)(E).[2]

---

[2] The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

* * *

(6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if:

[9] The Penningtons also claim that the trial court erred by admitting Mueggenberg's affidavit. The Pennington's claim that Mueggenberg's affidavit cannot be considered because it relies on her review of unspecified business records. Specifically, the Penningtons argue that Mueggenberg's affidavit is based on unspecified Wells Fargo business records which were not attached to the affidavit in violation of Indiana Trial Rule 56(E).[3] The Penningtons claim that without Mueggenberg's affidavit showing that U.S. Bank has possession of the Note, U.S. Bank cannot carry its burden to establish a *prima facie* showing that it is entitled to summary judgment.

[10] "We review a trial court's decision to admit or exclude evidence for an abuse of discretion. We will reverse such an exercise of discretion only when the decision is clearly against the logic and effect of the facts and the circumstances. *Meyer v. Marine Builders, Inc.*, 797 N.E.2d 760, 767 (Ind. Ct. App. 2003)

---

(A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(9) or (10) or with a statute permitting certification; and

(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Ind. Evid. R. 803(6).

[3] "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Ind. T.R. 56(E).

(citations omitted). In regards to the Pennington's first claim, we see no reason to doubt the trustworthiness of the Note proffered by U.S. Bank, specifically whether it was in fact endorsed in blank. Both Mueggenberg and Titus asserted in their respective affidavits that Wells Fargo endorsed the Note in blank and, more importantly, the Note itself appears as such. The specific record of the transaction between the two entities is not necessary to establish that U.S. Bank is the holder of the Note, and therefore entitled to enforce the Note. *See* Ind. Code § 26-1-1-201(20) ("'Holder' means: (A) the person in possession of a negotiable instrument that is payable…to bearer); Ind. Code § 26-1-1-201(5) ("'Bearer' means the person…in possession of a negotiable instrument…endorsed in blank"). It was well within the trial court's discretion to admit the Note.

[11]     Additionally, any error in the admission of Mueggenberg's affidavit was harmless. "[A]dmission of evidence that is merely cumulative of other evidence amounts to harmless error as such admission does not affect a party's substantial rights." *In re Paternity of H.R.M.*, 864 N.E.2d 442, 450-51 (Ind. Ct. App. 2007). U.S. Bank also provided an affidavit from its attorney, Titus, declaring that her firm had possession of the original Note which was endorsed in blank. U.S. Bank also supported its motion for summary judgment with the Pennington's responses to U.S. Bank's interrogatories in which the Penningtons admit that they had not tendered any mortgage payments since November of 2011. As such, the information contained in Mueggenberg's affidavit is cumulative and any error in its admission was harmless.

# II. Real Party in Interest

[12] The Penningtons essentially argue that there is a genuine issue of material fact regarding whether U.S. Bank is a real party in interest because U.S. Bank provided "inconsistent" versions of the Note and because the Penningtons question the propriety of the original endorsement of the Note. Appellants' App. p. 14. The Penningtons' arguments on this issue are without merit.

[13] First, the Penningtons argue that the date of the original endorsement by Homeland must be incorrect because the endorser was not in the same location as the Penningtons on the day they executed the Note despite the fact that the date of the endorsement and execution of the note are the same. However, the date of the original endorsement from Homeland to Wells Fargo has no relevance to the instant action. The Penningtons cite no authority, and we are aware of none, which stands for the proposition that an error in the date of an endorsement (especially one which does not involve any party to the action) could invalidate the endorsement or otherwise preclude U.S. Bank's right to enforce the Note.

[14] The Penningtons also argue that there is a genuine issue of material fact as to whether the Note was in fact endorsed to U.S. Bank because U.S. Bank "produced two inconsistent versions of the purported original note in discovery – one endorsed in blank [by Homeland], the other specially endorsed to Wells Fargo with no further endorsement." Appellants' App. p. 12. However, these are clearly not inconsistent versions of the Note; rather, they are simply

versions of the Note from various dates. The final version of the Note clearly indicates that Wells Fargo endorsed the Note in blank. As we discussed above, this endorsement made the Note bearer paper and so, as holder of the Note, U.S. Bank is entitled to enforce it.

U.S. Bank made a *prima facie* showing that they were entitled to judgment as a matter of law and the Penningtons failed to raise any issues of material fact in response. As such, the trial court did not err in awarding summary judgment in favor of U.S. Bank.

The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.